UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA LYONS and JERRY LYONS, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NA, and BAC HOME LOANS SERVICING, LP, a wholly owned subsidiary of Bank of America,<br><br>Defendant. | CASE NO. 11-cv-01232-CW<br><br>**AMENDED [PROPOSED] PROTECTIVE ORDER** |

1  This Protective Order having been submitted to the Court on stipulation by McGuireWoods LLP, attorneys for Defendants, and Audet & Partners LLP, Cuneo Gilbert and LaDuca, LLP, Friscia & Associates, LLC, Lockridge Grindal Nauen P.L.L.P., and Liddle & Robinson, LLP, attorneys for Plaintiffs.  Having considered this Protective Order and the accompanying Certification, hereby orders as follows:

1.  For the purposes of this Protective Order, "Confidential Information" means any information, whether it be a document, information contained in a document, or testimony, designated by a party as either (a) "Confidential" or (b) "Confidential – Attorneys' Eyes Only." The "Confidential" designation may be used by a party for any information, document, or thing, or portion of any document or thing that: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) contains private or confidential personal information, (c) contains information received in confidence from third parties, or (d) the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and constitute as "sealable" as defined in Local Civil Rule 79-5.  The "Confidential – Attorneys' Eyes Only" designation may be used by a party to protect and further restrict access to confidential business, development, technical, or financial information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  The parties shall designate information as "Confidential" and "Confidential – Attorneys' Eyes Only" only upon the good faith belief that the information is at least arguably subject to protection. *Cf. Cipollone v. Liggett Grp., Inc.*, 785 F .2d 1108, 1122 n.17 (3d Cir. 1986).

2.  Confidential Information shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided for herein.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of the Confidential Information, provided that such advice and opinions shall not reveal the content of such Confidential Information, except by prior written agreement of counsel for the parties or by Order of the Court.

3. "Qualified Person" shall mean and refer to (i) the parties to this action including employees; (ii) counsel for the parties to this litigation, including office associates, paralegals, and clerical employees; (iii) experts, consultants and their staffs retained in connection with this litigation and who have agreed to be bound by the terms of this Protective Order; (iv) any deponent if it appears that the witness either authored or received a copy of the Confidential Information in the ordinary course of their duties prior to the inception of the litigation, was involved in the subject matter described therein, or is, at the time of access, employed by or on behalf of the party who produced the information, document or thing; (v) vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and visual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and (vi) any other person to whom both parties consent in writing and/or the Court shall authorize by lawful Order.  Qualified Person shall also include the Court, representatives and employees of the Court, and the jury and witnesses on such terms as the Court in its discretion may deem appropriate.

4. In the event that any party or non-party discovers, after it has produced information, that it has produced or provided Confidential Information that was not designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the producing party may, within 30 calendar days of the discovery of such production, designate the information as "Confidential" or "Confidential – Attorneys' Eyes Only" by a subsequent notice in writing specifically identifying the information and furnishing the correct designation, in which event the parties shall from that point forward treat such information as provided in this Agreement.  If the party or non-party who received such Confidential Information has disclosed the information to others, who do not qualify as Qualified Persons, that party or non-party must take reasonable steps to retrieve and return or destroy the disclosed information.  The failure to initially designate material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right or ability to subsequently designate information as Confidential Information.

5.      With respect to any depositions that occur in this action and that involve a disclosure of Confidential Information, a party to this action shall have thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated "Confidential," and this period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than a Qualified Person and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than to a Qualified Person during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as "Confidential," all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 1.

6.      Prior to being permitted access to Confidential Information subject to this Protective Order, a Qualified Person (other than the parties and their counsel, who are bound by the terms of this Order through signature of counsel below) shall sign a Certification in the form attached hereto as Exhibit A stating that he/she has read and understands the terms of this Protective Order and that he/she will abide by such terms. The original of each such Certification shall be retained by counsel of record for the party permitting the disclosure until the litigation is completed.  Access to documents, information and testimony designated as "Confidential – Attorneys' Eyes Only" shall be strictly limited to the following Qualified Persons:  (i) counsel for the parties to this litigation, including office associates, paralegals, and clerical employees, (ii) experts, consultants and their staffs retained in connection with this litigation and who have agreed to be bound by the terms of this Protective Order, (iii) the Court, representatives and employees of the Court, and the jury and witnesses on such terms as the Court in its discretion may deem appropriate; (iv) is, at the time of access, employed by or on behalf of the party who produced the information, document or thing; and (v) any other person to whom both parties consent in writing and/or the Court shall authorize by lawful Order.

7.      During the pendency of this action, Confidential Information shall be retained by counsel, and the substance or content of Confidential Information, as well as copies, summaries,

- 4 -
AMENDED [PROPOSED] PROTECTIVE ORDER

1  notes and memoranda relating thereto, shall not be disclosed to anyone other than a Qualified
2  Person, except as provided in Paragraph 4 of this Protective Order.  Moreover, Confidential
3  Information shall not be used by any Qualified Person, except solely for the purposes of litigation
4  in this action and shall not be used for any other purposes whatsoever.  If Confidential Information
5  or summaries thereof have been entered into a computerized database, only Qualified Persons
6  shall have access to the database.

7       8. Each Qualified Person agrees to submit to the jurisdiction of this Court for the
8  purpose of enforcement of this Protective Order, either prior to or following the completion of this
9  action.  Jurisdiction of this action is to be retained by this Court after final determination for
10 purposes of enabling any party or persons affected by this Protective Order to apply to the Court at
11 any time for such direction or further decree as may be appropriate for the construction or
12 enforcement of this Protective Order.

13      9. Pursuant to *Cipollone,* 785 F.2d at 1122, this Protective Order initially protects
14 from disclosure all documents that the producing party designates in good faith as "Confidential"
15 and "Confidential – Attorneys' Eyes Only."  If counsel for a party receiving documents or
16 information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" hereunder
17 objects to such designation of any or all of such items, the following procedure shall apply:

18      (a) Counsel for the objecting party shall, within sixty (60) days of service of the
19 "Confidential Information," serve on the designating party or third party a written objection to
20 such designation, which shall describe with particularity the documents or information in question
21 and shall state the grounds for objection.  Counsel for the designating party or third party shall
22 respond in writing to such objection within fourteen (14) days, and shall state with particularity
23 the grounds for asserting that the document or information is "Confidential" or "Confidential –
24 Attorneys' Eyes Only."  If no timely written response is made to the objection, the challenged
25 designation will be deemed to be void.  If the designating party or nonparty makes a timely
26 response to such objection asserting the propriety of the designation, counsel shall meet and confer
27 in an effort to resolve the dispute.

28      (b) If a dispute as to a "Confidential" or "Confidential – Attorneys' Eyes Only"

designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute by filing a formal motion for an Order regarding the challenged designation.  The document or information that is subject of the filing shall be treated as originally designated, pending resolution of the dispute.

10. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Information under this Protective Order.

11. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any Confidential Information, whether as part of a document or deposition testimony or otherwise, counsel for any party may request the Court to preserve the confidentiality of the Confidential Information to the extent and by any means the Court deems necessary and appropriate, and any party may oppose such a request.

12. Except as specified in this paragraph, nothing in this agreement shall limit the ability of parties to share Confidential Information upon written request by a State Attorney's General Office, a United States Attorney's Office, the United States Federal Trade Commission, the United States Department of Justice, or a United States banking regulating agency (collectively, "Governmental Authority").  If either party is served with such a request, that party shall advise the Governmental Authority of the existence of this Protective Order.  To the extent that a Governmental Authority seeks Confidential Information from a party, which did not designate it, that party receiving the Governmental Authority's written request shall advise the party, which designated the Confidential Information, that such a request was made, unless that party is precluded from doing so by law or court order.  Nothing herein precludes the timely compliance with a court order or a subpoena issued by a Governmental Authority.  With respect to a subpoena served by a private entity, the party receiving the subpoena must (i) provide written notification of the subpoena to all parties to this agreement and (ii) must identify the Confidential Information that would be responsive to the subpoena.  If the party which designated the

1  information as Confidential Information objects to its production that party shall serve a written
2  objection to the production upon the party receiving the subpoena within ten (10) days of receipt
3  of written notification.  Counsel for the parties shall, within five (5) days of the date that the
4  written objection is served, meet and confer in an effort to resolve the dispute.  If the dispute
5  cannot be resolved by agreement, the objecting party shall present the dispute to the Court in a
6  formal written motion.  If no timely written objection to the production is made, the Confidential
7  Information may be disclosed in response to the private entity's subpoena.
8      13.    Upon the final conclusion (including any appeals) of this action, all parties,
9  "Qualified Persons," and their counsel shall, within ninety (90) days of the conclusion of this
10 action either (i) return all Confidential Information and all copies thereof to the producing party or
11 (ii) provide a certification that all Confidential Information and all copies thereof produced by the
12 producing party have been fully destroyed along with the date of destruction.
13     14.    To the extent that a party seeks to file with the Court any materials designated as
14 "Confidential" or "Confidential – Attorneys' Eyes Only," that party shall comply with the
15 requirements of Local Rule 79-5.  Moreover, any requests to seal documents filed with the Court
16 shall also comply with the requirements of Local Rule 79-5.  Designation under this Protective
17 Order alone is not a sufficient basis to seek an Order to seal a document filed with this Court.
18     15.    The parties acknowledge the potential existence of personal and financial
19 information related to non-parties which may be included in certain Confidential Information held
20 by the Defendants, including but not limited to, customer names, addresses, contact information,
21 Social Security Numbers, account numbers, account statements or transaction records.  The
22 Defendants shall have the right to redact all such private and non-public data prior to the
23 corresponding production.
24     16.    Pursuant to Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B), if, during the course
25 of this action, a party produces or discloses a document or any other information, including
26 electronically stored information, that it thereafter claims to be privileged or otherwise protected
27 from disclosure, that party will give notice in writing to each party that received the information.
28 Within thirty (30) calendar days, the document or information in question (and all notes and work

1  product quoting, referring or relating thereto) will then be returned to the party that produced the
2  information or the party that received the privileged or protected information will certify that any
3  and all copies have been retrieved and destroyed.  If the party that received the information has
4  disclosed it to others before being notified of the claim of privilege or protection, that party must
5  take reasonable steps to retrieve and return or destroy the disclosed information.  Upon receiving a
6  privilege log identifying the document or information, any party remains free to challenge any
7  claim of privilege or protection, but no party shall make any claim that the production of the
8  document effected a waiver of any privilege or protection.  Moreover, absent a ruling that the
9  document or information at issue is not privileged or protected, a party that received the privileged
10 or protected information may not disclose nor make any use whatsoever of the information
11 disclosed in or derived from the document or information at issue.  Moreover, the parties further
12 agree that productions during the course of this case of materials or information claimed to be
13 privileged or protected and sought to be reclaimed by the parties to this case under this paragraph
14 shall not be used as grounds by any third party to argue that any waiver of privilege or protection
15 has occurred by virtue of any production in this case.

16.   This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

SO ORDERED on this 22nd day of February, 2012.


_____
The Honorable Claudia Wilken
United States District Court Judge

- 8 -
AMENDED [PROPOSED] PROTECTIVE ORDER