IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA LYONS and JERRY LYONS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA, NA, and BAC HOME LOANS SERVICING, LP,<br><br>    Defendants.<br>_____/ | No. C 11-1232 CW<br><br>ORDER GRANTING MOTION FOR SETTLEMENT APPROVAL (Docket No. 70) |

Plaintiffs, Gina and Jerry Lyons, brought this putative class action in March 2011 for breach of contract and various other claims against Defendants, Bank of America, NA and BAC Home Loans Servicing, LP. The parties reached a settlement agreement in September 2012 and now move for preliminary approval. The Court took the matter under submission on the papers and now grants the motion.

BACKGROUND

On September 18, 2012, the parties met with mediator Gilda R. Turitz and reached an initial settlement agreement. They informed the Court two days later but declined to provide any details about the proposed agreement. Docket No. 65. The parties also failed to notify the Court whether they would be seeking preliminary approval of the settlement under Rule 23. Accordingly, on September 26, 2012, the Court ordered the parties to submit a joint status report addressing that question. Docket No. 66.

One week later, the parties submitted a status report stating that they did "not believe Court approval is required in order to dismiss these post-2003, uncertified, putative class member claims without prejudice." Docket No. 67, at 2. They noted, however, that they were "prepared to file a motion for approval . . . if this Court requires it." Id. On October 9, 2012, after reviewing the joint status report, the Court ordered the parties to file a motion for preliminary approval. Docket No. 68. The parties filed the motion on November 16, 2012.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) states that the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Ninth Circuit has extended this court approval requirement to settlements made before a class has been certified. Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989).[1] It has stressed, however, that a "court's duty to inquire into a settlement or dismissal differs before and after

---

[1] Courts in this district have expressed some uncertainty about whether Rule 23(e) still applies to pre-certification settlement proposals in the wake of the 2003 amendments to the rule but have generally assumed that it does. See, e.g., Mahan v. Trex Co., Inc., 2010 WL 4916417, at *3 (N.D. Cal.) (noting that "even where the procedures of Rule 23(e) do not apply automatically," court approval of class settlements and dismissals is still required (citations omitted)); Houston v. Cintas Corp., 2009 WL 921627, at *1-*2 (N.D. Cal.) (discussing the 2003 amendments to Rule 23(e) and "[a]ssuming without deciding that Rule 23 [still] applies" to pre-certification settlements); Castro v. Zenith Acquisition Corp., 2007 WL 81905, at *1 (N.D. Cal.) (assuming that Rule 23(e) applies to pre-certification dismissals without discussing the 2003 amendments).

2

certification" because, before certification, the risk of prejudice to absent class members is significantly lower. Id. (noting that pre-certification dismissals do not require "the kind of substantive oversight required when reviewing a settlement binding upon the class").

To determine whether pre-certification settlement or dismissal is appropriate, the court must

> inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

Diaz, 876 F.2d at 1408; see also Houston, 2010 WL 4916417, at *1 (applying the Diaz factors). The central purpose of this inquiry is to "determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members." Mahan, 2010 WL 4916417, at *3.

DISCUSSION

The parties have not provided the Court with a copy of their proposed settlement agreement. Instead, they describe their proposed agreement in broad terms and argue that it satisfies the three Diaz factors. Under the parties' description of their agreement, Plaintiffs would voluntarily dismiss all claims against Defendants with prejudice. Class claims would also be dismissed, but without prejudice to allow putative class members to bring these claims against Defendants in the future. The parties have not disclosed any of their other obligations under the settlement;

3

nonetheless, they have demonstrated that approval is appropriate here.

Under the first Diaz factor, the Court must assess whether dismissal will prejudice absent class members who knew of and relied on Plaintiffs' lawsuit. The parties argue that putative class members are not aware of this lawsuit and have not relied on it because the suit has garnered little media attention. The Court agrees that this apparent lack of media coverage makes it unlikely that similarly situated homeowners knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights. See Mahan, 2010 WL 4916417, at *3 (finding that detrimental reliance by absent class members was unlikely because there was "no evidence that the instant case has garnered significant news coverage").

Furthermore, even if some putative class members had relied on Plaintiffs' lawsuit, application of the second and third Diaz factors makes clear that they would not be prejudiced by dismissal here. Under those factors, the Court must determine whether the parties' settlement jeopardizes absent class members' opportunity to bring suit against Defendants or otherwise undermines their ability to prosecute class claims. In this case, because the parties intend to dismiss the class claims without prejudice, absent class members would still be able to bring suit against Defendants. What's more, these claims would not be time-barred because of the class action tolling doctrine. Tosti v. City of Los Angeles, 754 F.2d 1485, 1488 (9th Cir. 1985); Hanni v. Am. Airlines, Inc., 2010 WL 1576435, at *3 (N.D. Cal.).

4

Accordingly, the basic terms of the parties' pre-certification settlement agreement satisfy the Diaz factors and merit approval under Rule 23(e).

CONCLUSION

For the reasons set forth above, the Court GRANTS the parties' motion for settlement approval and voluntary dismissal (Docket No. 70). Plaintiffs' individual claims against Defendants are dismissed with prejudice. All class claims are dismissed without prejudice. The parties are not required to provide notice of the settlement to absent class members.

IT IS SO ORDERED.

Dated: 11/27/2012

CLAUDIA WILKEN
United States District Judge